UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**04/29/2022**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

BRYAN P TUGGLE, )
    *Plaintiff*, )
                                     )
v.                                  )     Case No. 1:22-cv-00838-SEB-DLP
                                     )               (to be supplied by Clerk of the Court)
DENNIS REAGLE, et al. )
sued in their individual and official capacities )
    *Defendants.* )

## COMPLAINT WITH JURY DEMAND

*Introduction*

    This is a civil rights action filed by Bryan P Tuggle, a state prisoner, for damages and declaratory relief under 42 U.S.C. § 1983, alleging exposure to significant risk of severe injury in violation of the Eighth Amendment to the United States Constitution and infringement of bodily integrity in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The Plaintiff also alleges the tort of negligence.

*Jurisdiction*

    1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. §§ 1331(1) and 1343(a)(3), (4).

    2. The Court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367.

*Parties*

    3. The plaintiff, Bryan P Tuggle, was incarcerated at Pendleton Correctional Facility ("Pendleton") during the events described in this complaint.

    4. Defendant Dennis Reagle is the Warden of Pendleton. He is responsible for proactively reviewing prison infrastructure to ensure safety, for ensuring policies are implemented consistently, providing oversight to all facility operations, and for ensuring that inspections are addressed and investigated properly. He is sued in his individual and official capacities.

    5. Defendant Chistopher Ertel is the Deputy Warden of operations at Pendleton. He is responsible for developing, establishing, and implementing institutional policies, procedures, and objectives, supervising the facility when the warden is absent, supervising the physical plant director, reviewing monthly inspection reports, reviewing incident reports, and ensuring the general safety of the facility. He is sued in his individual and official capacities.

6. Defendant Vince Stanley is employed at Pendleton as the Physical Plant Director. He is responsible for keeping track of recurring maintenance problems and finding ways to fix them on a system wide basis. He is sued in his individual and official capacities.

7. Andrew Bagienski is employed at Pendleton as the Safety Hazard Manager. He is responsible for conducting routine inspections, and addressing and correcting problems found in these inspections. He is sued in his individual and official capacities.

8. Defendant William Callahan is employed at Pendleton as the Inside Maintenance Services Supervisor. He is sued in individual and official capacities.

9. The defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

*Facts*

10. On or about December 1, 2021. A Legionnaires' disease outbreak was announced inside the prison. The announcement followed the death of one inmate from the disease, and shortly after the announcement five other inmates began exhibiting symptoms.

11. On information and belief, Legionnaires' disease is a severe form of pneumonia. It infects people who inhale or consume water contaminated with legionella bacteria. Symptoms include: a high fever, chills, and a cough. Some people also suffer from muscle aches and headaches. Extensive studies of legionella have established that the pathogen enters the water supply when the 'bio-film' protecting pipes is stripped away by corrosive water.

12. Defendants Dennis Reagle, Christopher Ertel could have prevented this crisis. On or about October 24, 2021, there was a BOIL WATER ADVISORY issued in the town of Pendleton, Indiana due to a water main break. It was recommended that customers served by the Pendleton Municipal Utilities boil all water used for food preparation, teeth brushing, manual dish washing, ice making, and drinking until further notice. The water was to be boiled for about three (3) minutes and then cooled before being used and consumed.

13. Defendants Dennis Reagle, Christopher Ertel recklessly disregarded the potential risk of serious harm and did not implement this measure or other measures to prevent corrosive water from entering into the prison's water system. The plaintiff unknowingly continued showering, drinking, and using the now corrosive water until the Legionnaires' disease outbreak was announced.

14. On or about December 2, 2021, the plaintiff, pursuant to prison procedure, filed a complaint that the maintenance staff (later determined to be defendants William Callahan, Vincent Stanley, and Andrew Bagienski) had knowingly or intentionally failed to adequately maintain the prison's water system. On information and belief, the temperature of the water also plays a critical role. Legionella multiply where the water temperature is above 77 degrees Fahrenheit and can survive at temperatures greater than 122 degrees Fahrenheit. Hot water tanks

should be set at 140 degrees Fahrenheit, with a minimum of 122 degrees Fahrenheit, to prevent amplification of legionella in the water tanks.

15. Wherefore, defendants William Callahan, Vincent Stanley, and Andrew Bagienski are liable for the plaintiff being exposed to legionella-contaminated water. IDOC Policy No. 00-02-201, "Compliance with Federal and State Fire, Health, and Safety Regulations" explains the training that supervisors, like defendants William Callahan, Vincent Stanley, and Andrew Bagienski, receive, including procedures for abatement of hazards. Moreover, the *Indiana Department of Correction Health and Safety Manual* contains the minimum health and safety requirements. Accordingly, Pendleton's water system became a hazard due to defendants William Callahan's, Vincent Stanley's, and Andrew Bagienski's failure to implement good maintenance practices (i.e., regular inspection, maintenance, proper operation, and proper cleaning) consistent with the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300F, et seq.

16. On information and belief, the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300F, et seq, was established to be implemented by the Environmental Protection Agency (EPA) for the protection of the quality of drinking water in the U.S. This law focuses on all waters actually or potentially designed for drinking use, whether from above ground or underground sources.

17. Defendants Dennis Reagle and Christopher Ertel are liable for the plaintiff being exposed to legionella-contaminated water. IDOC Policy No. 00-02-201, "Compliance with Federal and State Fire, Health, and Safety Regulations" states that it is the defendants' responsibility to monitor and ensure compliance with the policies and regulations of the of the Department and external agencies, including, but not limited to, EPA.

18. On or about January 3, 2022, the prison's Grievance Specialist signed and returned the plaintiff's grievance without addressing the issues. She simply notified the plaintiff: "You have now exhausted your all [sic] administrative remedies."

*Exhaustion of Administrative Remedies*

19. The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

*Claims for Relief*

20. The defendants Dennis Reagle, Christopher Ertel, William Callahan, Vincent Stanley, and Andrew Bagienski knew and recklessly disregard the substantial risk of serious harm to the plaintiff's health and safety and future health and safety. The plaintiff was subsequently exposed to corrosive water containing legionella bacteria. Exposing plaintiff to significant risk of severe injury is a violation the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution.

21. The acts and/or omissions of defendants Dennis Reagle, Christopher Ertel, William Callahan, Vincent Stanley, and Andrew Bagienski did not serve any compelling penelogical purpose. Therefore, exposing the plaintiff to water contaminated with legionella bacteria was an

unjustified intrusion on personal security, which violates the plaintiff's right to bodily integrity protected under the Fourteenth Amendment's Due Process Clause (substantive due process).

24. The acts and/or omissions of defendants Dennis Reagle, Christopher Ertel, William Callahan, Vincent Stanley, and Andrew Bagienski are the proximate cause of the threat to the plaintiff's health and safety and future health and safety. This constitutes violation of the tort of negligence under the law of the state of Indiana.

*Relief Requested*

WHEREFORE, plaintiff requests that the court grant the following relief:

    A. Issue a declaratory judgment stating that:

1. The defendants Dennis Reagle, Christopher Ertel, William Callahan, Vincent Stanley, and Andrew Bagienski jointly and severally violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and their conduct constituted negligence under state law.

2. The defendants Dennis Reagle, Christopher Ertel, William Callahan, Vincent Stanley, and Andrew Bagienski jointly and severally violated the plaintiff's rights under the Fourteenth Amendment's Due Process Clause (substantive due process). Their conduct also constituted negligence under state law.

    B. Award punitive damages in the following amounts:

1. $34,000.00 against defendant Dennis Reagle

2. $34,000.00 against Christopher Ertel

3. $34,000.00 against William Callahan

4. $34,000.00 against Vincent Stanley

5. $34,000.00 against Andrew Bagienski

    for deprivation of liberty from unjustified intrusions on his personal security, which resulted from knowingly, intentionally, or recklessly failing to adequately maintain Pendleton's water system. Said conduct threatened to severely adversely affect the plaintiff's health and safety and future health and safety.

4